IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDRIA STOCKMAN, | ) | |
| | ) | Case No. 15-cv-10457 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TRANSWORLD SYSTEMS, INC., | ) | |
| | ) | Jury Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Alexandria Stockman brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Alexandria Stockman ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Fedex Techconnect, Inc. account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant Transworld Systems Inc., ("Transworld") is a California Corporation that does or transacts business in Illinois. Its registered agent and office is C T Corporation System, located at 208 S LaSalle St., Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

5. Transworld is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Transworld is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a debt for services used for personal purposes, originally owed to Fedex Techconnect, Inc. ("alleged debt").

8. The alleged debt arose from the purchase of Jewelry for personal use.

9. The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

10. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

11. The alleged debt was subsequently assigned, or otherwise transferred to Transworld for collection after default.

12. On or about September 24, 2015 Defendant mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

13. The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, account number and a current balance on the alleged debt.

14. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

15. The Letter communicates a total due of $36.26, including $4.45 in "COLLECTION FEES/OTHER."

16. Defendant was not authorized to add "collection fees" to Plaintiff's account when the Letter was mailed, as collection of those charges was not authorized by any agreement or allowed by law.

17. 15 U.S.C. § 1692f of the FDCPA states:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

18. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it attempted to collect collection fees or other fees not authorized by the agreement creating the debt or permitted by law.

19. 15 U.S.C. § 1692e(2)(a) of the FDCPA states:

> **False or misleading representations**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt. . . .**

20. Defendant falsely represented the amount of the debt in violation of 15 U.S.C. 1692e(2)(a) when it added collection costs not authorized by any agreement or permitted by law.

21. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

23. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f, when it attempted to collect collection fees or other fees not authorized by the agreement creating the debt or permitted by law.

24. Defendant falsely represented the amount of the debt in violation of 15 U.S.C. 1692e(2)(a) when it added collection costs not authorized by any agreement or permitted by law.

25. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants as follows:

A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3);

C. And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                              By: s/Michael J. Wood
                                              One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com